FILED
2019 May-21 PM 01:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| BAKHODIR MADJITOV, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 4:18-cv-01188-RDP-HNJ |
| ) | |
| WILLIAM BARR, et al., ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM OPINION

On May 3, 2019, the Magistrate Judge entered a Report (Doc. #10) recommending Petitioner Bakhodir Madjitov's motion for judgment on the pleadings and petition for writ of habeas corpus be denied without prejudice. On May 13, 2019, Madjitov filed a document titled, "Verified Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and Complaint for Declaratory and Injunctive Relief," which the court construes as objections to the Report and Recommendation. (Doc. # 11).

Madjitov, a native and citizen of Uzbekistan, relies on 8 U.S.C. § 1226(c) and case law pertinent to that statutory provision to insist that Respondents have unreasonably subjected him to mandatory indefinite detention without a bond hearing for 17 months, in violation of his Fifth Amendment right to due process of law. (Doc. #1; Doc. #11 at 1-18). For relief, he demands an individualized bond hearing. (Doc. #11 at 9). Madjitov also declares 8 U.S.C. § 1231 and *Zadvydas v. Davis*, 533 U.S. 678

(2001), present concerns analogous to § 1226(c) and demands an individualized bond hearing pursuant to § 1231. (*Id.* at 13-14).

Madjitov does not dispute that his order of removal to Uzbekistan became final on July 24, 2014, the date the BIA dismissed his first appeal. (Doc. #1 at 6, 20; Doc. #6-1 at ¶ 20). *See also*, 8 C.F.R. § 1241.1(a) (order of removal by IJ becomes final upon dismissal of appeal by the BIA). The entry of the final order of removal means Madjitov is not "being detained pursuant to § 1226(c), which governs *only* detention prior to a final removal order. Instead, he is being detained now pursuant to a wholly different statute, INA § 241(a), 8 U.S.C. § 1231(a), which controls the detention and removal of an alien subject to a final order of removal." *De La Teja v. United States*, 321 F.3d 1357, 1363 (11th Cir. 2003). "Because the Attorney General no longer is acting pursuant to § 1226(c), it is unnecessary and altogether inappropriate" to consider whether Madjitov's "detention pursuant to that provision violates the Due Process Clause of the Fifth Amendment." *Id.*

Therefore, only § 1231 and relevant Supreme Court and Eleventh Circuit precedent concerning that provision are applicable to Madjitov's current detention, which began on December 22, 2017. (Doc. #10 at 3) (citing Doc. #6-1 at ¶ 13). Although Uzbekistan routinely issues travel documents to their citizens who complete an application for removal back to Uzbekistan, Madjitov repeatedly has refused to complete the application during his detention. (Doc. #6-1 at ¶¶ 16-23, 25-26; Doc. #8 at 4-5). Madjitov also has filed two motions to reopen with the BIA. (Doc. #8 at 33,

38, 40). The BIA denied his first motion to reopen on May 25, 2018, and has not adjudicated the second motion to reopen. (*Id.* at 20).

Madjitov's own actions have restarted and suspended the clock with regard to the presumptively reasonable six-month removal period in *Zadvydas*, 533 U.S. at 701. Therefore, the petition is premature. *Linares v. Department of Homeland Sec.,* 598 F. App'x 885, 886 (11th Cir. 2015) (quoting § 1231(a)(1)(C) (petitioner who "'acts to prevent [his] removal subject to an order of removal'" thereby "extend[s] the removal period beyond the 90 days following the finalization of his removal order")); *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.4 (11th Cir. 2002) (removal period effectively interrupted when petitioner's removal stayed pending an appeal).

For the foregoing reasons, the court hereby **ADOPTS** the report of the Magistrate Judge and **ACCEPTS** his recommendations. In accordance with the recommendation, the court finds that Madjitov's motion for judgment on the pleadings (doc. 9) is due to be **DENIED** and his petition is due to be **DISMISSED WITHOUT PREJUDICE** as **PREMATURE**.

A separate order will be entered.

**DONE** and **ORDERED** this May 21, 2019.

 _____
 **R. DAVID PROCTOR**
 UNITED STATES DISTRICT JUDGE